G. M. MORRILL ET AL. V. E. VIOLA DAVIS ET AL.

[FILED OCTOBER 30, 1889.]

Real Estate: CONTRACT: UNACCEPTED OFFER: AGENTS: COMMISSIONS. In an action by certain real estate agents to recover commissions on a sale of real estate alleged to have been made by them, the testimony failed to establish a contract of sale, and it was *held* that they could not recover therefor.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*Harwood, Ames & Kelly,* for plaintiffs in error.

*Marquett, Deweese & Hall,* for defendants in error.

MAXWELL, J.

This action was brought in the district court of Lancaster county upon a petition, the first cause of action in which is stated as follows:

"Now come the above named plaintiffs, and for a cause of action against the defendants say, that on March the 30th, 1887, Annie Morrill was the owner of the southwest quarter of section 11, township 10 north, range 6 east of the 6th P. M., Lancaster county, Nebraska. That on said date, and long prior thereto, G. M. Morrill was the agent for said Annie Morrill, acting for her with her knowledge and consent, looking after, managing, and controlling said land, the same as though it were his own, and that on the 25th day of March, 1887, the said Annie Morrill employed the said plaintiffs to sell and dispose of the southwest quarter of section 11, township 10, range 6, at $150 per acre. That in pursuance of the instructions received from the said Annie Morrill they sold the said land on the 30th day of March, 1887, to Mrs. Carrie R. Johnson for the sum of $150 per acre, the purchase price to be paid on any terms that might be satisfactory to the defendants; and the plaintiffs had made the said sale.

"That the commission on said sale amounted to the sum of $625, and the same has not been paid to the plaintiff by the said defendants. That E. Viola Davis was formerly E. Viola Dowden; that Annie Morrill is the wife of G. M. Morrill."

The second cause of action is for the money paid for the use of the defendant below.

The answer denies the sale by the plaintiffs as agent for the defendants, or either of them, of the land in question, and denies that there was any employment of the plaintiffs as such agents except as follows: "Unless the terms of sale to be submitted to said defendants were by them ap-

proved as satisfactory, and no sale was to be consummated or binding on them (said defendants) unless the terms of payment were first given and approved. And defendants further aver that an offer to purchase made by said Carrie R. Johnson through the said plaintiffs was rejected and never consummated, because the terms of sale were not satisfactory to said defendants, as the plaintiffs were informed upon the reception of the offer."

The second cause of action, although put in issue by the answer, was admitted on the trial, and no error is assigned with reference to it.

A verdict was returned in favor of the plaintiffs upon both causes of action for the amount claimed.

The proof introduced to show a contract is as follows: *First,* a letter from G. M. Morrill to Miss E. Viola Dowden, dated March 25th, 1887, as follows:

"*Miss E. Viola Dowden:* DEAR MADAM—I received a letter from Mr. Dowden a short time since and he desired me to write you if I would sell my farm. I have never intended to sell it, but always expected to occupy it myself; but lately I have been thronged with letters, and several parties have been to see me asking if I would sell, and I have invariably said *no.* Yesterday I had another party who offered me a big figure for it, but as your father desired will give you the first chance to sell it. Will say that if you can sell it for $150 per acre will take it, or if you have a proposition, you submit it and I will consider it. Will delay writing other parties till I hear from you. Please let me know if the trees are all living that were to be set out around the place, and if the grove has been set out according to terms of lease ; have thought almost every month for the past year that I would be out there.    *    *

"Respectfully yours,      G. M. MORRILL.
"110 East 82d street, N. Y. City."

On the 29th day of March, 1887, the following dispatch

was sent direct to G. M. Morrill, then in the city of New York :

"Think can sell at your price if can make terms, one thousand dollars in hand, five thousand in sixty days, balance in three equal annual payments at eight per cent. Shall I try ?   Wire at my expense.

"JOSIE L. DOWDEN."

On the same day defendant sent the following telegram:

"*To* E. VIOLA DOWDEN, *corner  O and  Twelfth, Lincoln.*—Will reply by letter.        G. M. MORRILL."

This dispatch was received in Lincoln on the following day.

On the 31st day of March, 1887, defendants wrote :

"*Miss  Dowden:* DEAR MADAM—Your telegram received, but have delayed reply by letter to see what terms I could make with parties for property which I was contemplating buying; but find terms you proposed would not answer their purpose.   Hence have come to the conclusion not to buy for the present, nor to sell my property in Lincoln till I can invest it to better advantage here. Please write me what you think the prospect of my property advancing.   Are the salt works being developed, etc. ? If you think property *will not advance* and you can get better terms I will consider it, but of course want to get all I can.        Respectfully yours,

"G. M. MORRILL.

"110 E. 82d st., N. Y."

On the 30th of March plaintiff writes:

"LINCOLN, NEB., March 30, 1887.

"*Mr. G. M. Morrill:* DEAR SIR—Your dispatch received this A.M., and in reply will say we have sold the farm at $150 per acre as per your letter, and if you do not agree to the telegraphed terms the parties can make some better, and when we receive your answer we will

know your terms and act accordingly. Property is at a good price now, but the most sanguine are thinking it only a boom of a few months.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*

"The trees are doing nicely and they are preparing to crop the cultivated land.

"The trees were hoed last year and father has made special arrangements for their care.

" Is there some indebtedness against the farm?

" The buyer is Mrs. Carrie R. Johnson—her husband has considerable property, but is an engineer and puts all his property in his wife's name because of dangerous work.

"I will enclose draft on N. Y. for $500, and you may receipt, and when I get your letter will know the terms of sale.    \*    \*    \*    \*    \*    \*    \*    \*

"We are, respectfully,

"JOSIE L. DOWDEN & SISTER."

The telegram mentioned in the foregoing letter as being received "this A. M.," was testified by the witness, Josie L. Dowden, to have been received at about eleven o'clock A. M. on the 30th day of March. This telegram, it will be remembered, says, "will reply by letter;" and this sale, the same witness also testifies, was made on the 30th day of March, 1887, between two and three o'clock in the afternoon, and of course after the receipt of the telegram.

On the 1st day of April Morrill telegraphs:

" Will return check and answer. Have made other arrangements."

On April 2d Morrill writes:

"*Miss Josie Dowden:* DEAR MADAM—Your letter with check for $500 received, which I herewith return to you unclaimed. In your telegram of the 29th ult. you said you thought you could sell, and mentioned probable terms and asked if you should try. I wired you that I would

reply by letter, which I did, saying that offer was unsatisfactory and I had made other arrangements, as I have.

"Respectfully yours,

"G. M. MORRILL."

And on the 4th day of April the following letter was sent:

"LINCOLN, NEB., April 4, 1887.

"*Mr. Morrill:* DEAR SIR—Yours in answer to telegram received to-day, and in reply to that have this to say : Lincoln has had a boom far exceeding any before, and the wisest are shaking their heads and saying 'this can't last much longer !'

"Now is surely the time to sell, and it must be done quickly I think. There are several parties here who would like it, and I have tried to-day to get a definite price, but failed, but think I can get $200 an acre, and perhaps a little over. The usual terms are one-fourth cash, balance in one, two, three years at eight per cent. I really feel, Mr. Morrill, that now is the time. If you were here and would plat your land and advertise and make a big sale of it you could get more, but there is so much expense connected with such work that if it were me I would sell it as a whole and let others in that business do it.

"The salt works are inactive. The special boom is over; R. R. coming in; the establishment of a Methodist university ; a talked-of belt line, and an electric car line. The R. R. will come in the S. E. part of city and the Methodist college is three miles directly east of your farm. The belt line is in the imagination of some real estate firms and can hardly be built for the reason there can be no travel, or not enough to pay, and the pres. of the road told me in confidence it would never be built, at least he had no money to put into it. The electric line will doubtless go out 14th street to fair ground, thence west to West Lincoln, a little town starting one mile west of your place

and at about a mile south. They have boomed and boomed, so I think the extreme outside property can't keep up.

"My advice is to. sell. Mr. McMurtry has had a man to see you to try to buy it. I hope you won't let him have it, for I can get more for it than any other one, I am sure, so if you have a good offer from him or any one else there, telegraph me and I will find better.

"We can't delay this much longer, or it will be too far past. We have had three applicants and to-day one drew off.

"If I telegraph you an offer and you can or cannot accept it telegraph me at once at my expense. I must know soon as I have bought the renter off and can't afford to do it unless you sell — now is just the time for them to plant.

"The farm looks nice.

\*  \*  \*  \*  \*  \*  \*

"I have tried to tell you honestly the state of affairs and hope you understand me. I hope to hear your answer as to other arrangements, and if favorable I will telegraph you another offer, after you get this letter, so you will decide what is best to do. I am doing quite a large business for a new one—sold four lots to-day. Give my whole time to it, and keep posted as to the true state of affairs, and know now is the time, or, at furthest, this month. Outside property now is a little slow, but can make a good sale.

\*  \*  \*  \*  \*  \*  \*

"Hoping to hear from you soon,

"I am, yours respectfully,

"Josie L. Dowden and Sister E. Viola.

"Have sold over one hundred lots in last two months and this is a fair average work with any firm of the size.

"Josie L. Dowden."

It will be observed that there is a failure on the part of the plaintiffs below to prove a contract. The letter of the

plaintiff in error, dated March 25th, 1887, if construéd as favorably as possible in favor of defendants in error, could only be accepted by an offer to pay cash. This they did not offer to do, but sought to impose other terms and conditions. The minds of the parties never met, and there is a failure of proof to sustain the verdict. The judgment and verdict as to the first cause of action is therefore reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other Judges concur.